IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NEW WORLD INTERNATIONAL, INC., §
and NATIONAL AUTO PARTS, INC., §
§
   Plaintiffs, §
§
v. § NO. 3:15-CV-1121-M
§
FORD GLOBAL TECHNOLOGIES, LLC, §
§
   Defendant. §

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiffs' Motion for Reconsideration [Docket Entries #50 & #54] and Motion for Leave to File an Amended Complaint [Docket Entry #52]. For the reasons stated below, the Motions are **DENIED**.

## I.    BACKGROUND

Plaintiffs New World International, Inc. ("NWI") and National Auto Parts, Inc. ("NAP"), seek a declaratory judgment of invalidity, unenforceability, and non-infringement as to design patents for automotive parts held by Defendant, Ford Global Technologies, LLC ("FGTL").

On October 28, 2015, the Court dismissed the case, finding that it lacked personal jurisdiction over FGTL, a company incorporated in Delaware and headquartered in Michigan, which owns, manages, and licenses intellectual property [Docket Entry #48]. FGTL is a subsidiary of Ford Motor Company, also a Delaware company headquartered in Michigan. Plaintiffs do not dispute that FGTL does not do any business in Texas nor does it have any employees or offices in Texas. Instead, Plaintiffs argue that FGTL is subject to specific jurisdiction because it licenses patents to LKQ Corporation ("LKQ"), a Delaware company

headquartered in Illinois, which does business in all fifty states [Docket Entry #43 at 5 n.6].  The

license gives LKQ a right to import and sell aftermarket products covered by the patents which

are the subject of this suit ("the License").

Plaintiffs ask the Court to reconsider its dismissal of the case and seek leave to file an

amended complaint adding allegations they claim are relevant to personal jurisdiction.

## II.    MOTION FOR RECONSIDERATION

### a.  Legal standard

The Federal Rules of Civil Procedure do not specifically provide for motions for

reconsideration, and thus, unless the movant specifies otherwise, a motion for reconsideration

filed within twenty-eight days of a judgment or final order generally will be treated as a motion

to alter or amend under Rule 59(e).  *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d

336, 339 (5th Cir. 1997); *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 2005 WL 1253775, at *1

(N.D. Tex. May 25, 2005) (Lynn, J.); *Olagues v. Stafford*, 2004 WL 1444947, at *1 (E.D. La.

June 25, 2004) ("The Fifth Circuit typically interprets motions to reconsider dispositive pretrial

orders as analogous to Rule 60(b) motions for relief from judgment or Rule 59(e) motions to

alter or amend the judgment, depending on [when] the motion is filed.").

"Motions for reconsideration have a narrow purpose and are only appropriate to allow a

party to correct manifest errors of law or fact or to present newly discovered evidence." *AMS

Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.,* 2005 WL 3148284, at *3 (N.

D.Tex. Nov.21, 2005) (Fitzwater, J.) (internal quotation marks omitted).  A motion for

reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments."

*Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

**b.   Analysis**

Plaintiffs allege the Court made manifest errors of fact and law.  They identify one

factual error in the Court's Opinion.  The Opinion states "FGTL is not required by the License to

indemnify LKQ for suits initiated by third parties."  Opinion [Docket Entry #48] at 11.  The

Plaintiffs point out that ███████████████████████████████████████████

███████.  License [Docket Entry #33] at 6.2.  Plaintiffs are correct in pointing that out.

Plaintiffs—who had not previously relied on ████████████████████—now claim ██

█████████████████████████subjects Defendant to jurisdiction.  Mot. for Reconsideration

[Docket Entry #50] at 8.

The Court must determine if the error in the original opinion is "manifest" and should

change the outcome.  Plaintiffs rely on *Genetic Implant Sys., Inc. v. CoreVent Corp.*, 123 F.3d

1455, 1458–59 (Fed. Cir. 1997), in which the court considered the impact of a license provision

requiring the patent holder to indemnify an exclusive distributor for liability arising from third

party patent infringement claims.  In fact, the indemnification provision was only one of many

factors the court considered.  Integration between the patent holder and distributor was

substantial, as the distributor was the exclusive distributor of all covered products worldwide,

and the patent holder was obligated to maintain the patents and to prosecute applications for

patents covering new products.  The agreement authorized the distributor to use the patent

holder's trademarks to market and distribute products covered by the patents, and, importantly,

the patent holder itself had conducted business in the state, developing a customer base and

goodwill which potentially enhanced its distributor's sales in the state.  *Id.*  In contrast, Plaintiffs

have not shown that LKQ is authorized to use FGTL's trademarks, nor that FGTL has otherwise

directed business activities at Texas to LKQ's benefit.  [Docket Entry #14, Ex. 2].   Thus, FGTL's relationship with LKQ is not comparable to that found sufficient to create personal jurisdiction in *Genetic Implant Sys., Inc.*

Plaintiffs' remaining arguments merely reflect a disagreement with the Court's analysis of the License and the relevant cases.  The Court is not persuaded that it erred in its analysis.  In the cases cited by Plaintiffs, there was business integration and coordination in patent enforcement between the licensor and licensee which, as the Court noted in its original opinion, exceeds that between FGTL and LKQ.  *Compare Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1334 (Fed. Cir. 2008); *Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356, 1366–67 (Fed. Cir. 2006); *Akro Corp. v. Luker*, 45 F.3d 1541, 1543, 1546 (Fed. Cir. 1995).

Here, FGTL ████████████████████████████████████, but ultimately, it has the "right to determine what action, if any, is to be taken."  License, [Docket Entry #33] at ¶ 8.1.  Although LKQ ████████████████████████████████████ ████████████████████████████████████████████████ FGTL need not actively police for infringement and cannot independently initiate enforcement actions.  *Id.*  The License provisions Plaintiffs preciously cited do not, in this Court's view, support personal jurisdiction over FGTL.  Provisions of the License newly cited (¶¶ 2.2, 10.1) are not properly considered at this juncture.  *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (a motion under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued").

As the Court previously noted, *Daimler AG v. Bauman* cautions against "exorbitant exercises of all-purpose jurisdiction."  __ U.S. __, 134 S. Ct. 746, 754 (2014).  *Daimler* makes clear that, in all but exceptional circumstances, FGTL is only subject to general jurisdiction

where it is incorporated and headquartered.  Yet Plaintiffs' theory would subject FGTL to

jurisdiction in Texas, where neither FGTL nor LKQ are incorporated or headquartered, based on

a License which is no more related to Texas than it is to any other state.  Such a theory would

allow FGTL to be summoned into court in any state based only on the unilateral decisions of its

licensee.  Under *Daimler*, out-of-state defendants must be able to "structure their primary

conduct with some minimum assurance as to where that conduct will and will not render them

liable to suit." *Id.* at 762 (citation omitted).  The result urged by the Plaintiffs does not allow that

if Defendant is subject to suit based only on the actions of its licensee.

The Court finds no manifest error of fact or law in its original decision, and thus the

Motion for Reconsideration is **DENIED**.

### III.    MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Five issues must be analyzed to determine whether to grant a party leave to amend a

complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies

by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the

amendment.  If none of these factors exist, the leave sought should be 'freely given'"

*Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003); *Smith v. EMC Corp.,* 393 F.3d

590, 595 (5th Cir. 2004).

Plaintiffs' Motion is untimely.  Plaintiffs had numerous opportunities to demonstrate that

personal jurisdiction existed, including in an allowed surreply [Docket Entry #41], and in briefs

on their Motion for Leave to Conduct Jurisdictional Discovery [Docket Entries #40, #45].

Plaintiffs do not explain why they did not present the matters in the proposed amended complaint

before the Court dismissed this case.  *Vielma v. Eureka Co.,* 218 F.3d 458, 468 (5th Cir. 2000);

*Hazim v. Schiel & Denver Publ'g Ltd.*, 2015 WL 5227955, at *5 (S.D. Tex. Sept. 8, 2015) (appeal filed Oct. 9, 2015).

The only explanation Plaintiffs offer is that they thought they had adequately demonstrated jurisdiction.  Reply [Docket Entry #61] at 8–9.  If this were sufficient, matters would never be final.  This Court concludes that Plaintiffs did not exercise diligence in timely presenting all matters arguably relevant to jurisdiction, and thus the Motion to Amend is **DENIED**.

## I.      CONCLUSION

Therefore, Plaintiffs' Motion for Reconsideration [Docket Entries #50, #54] and Motion for Leave to File an Amended Complaint [Docket Entry #52] are **DENIED**.  The Court will issue an amended Opinion correcting the factual error regarding ▓▓▓▓▓▓▓▓▓▓ the License.

**SO ORDERED**.

March 16, 2016.

BARBARA M. G. LYNN
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

6